UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIGITAL ASSURANCE CERTIFICATION, LLC,

    Plaintiff,

v.                                                Case No:   6:17-cv-72-Orl-31TBS

ALEX PENDOLINO, JR.,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Motion to Seal Exhibit "B" to Declaration of Charles Pratt (Doc. 6). This case was recently filed and Defendant Alex Pendolino, Jr. ("Pendolino"), who may or may not have been served, has yet to appear.

Plaintiff Digital Assurance Certification, LLC ("DAC") employed Pendolino as a broker-dealer liaison (Doc. 1, ¶ 3). While working for DAC, Pendolino signed a confidentiality agreement in which he acknowledged that he would be receiving confidential, trade secret information (Id., ¶ 14). He promised to maintain the confidentiality of that information during and after the conclusion of his employment (Id.). Pendolino left DAC on October 10, 2016 and now works for a competitor (Id., ¶¶ 21, 27). Since leaving DAC, Pendolino has moved at least one of its clients to his new employer (Id., ¶ 27).

DAC engaged computer expert Charles Pratt ("Pratt") to forensically examine the computer Pendolino used when he worked for the company (Id., ¶ 29; Doc. 6 at 3). Pratt has determined that on October 5, 2016, Pendolino attached a USB drive to his work computer and accessed every file in DAC's shared-network drive (Doc. 6 at 2). Until he is able to examine the USB drive that was used, Pratt is unable to conclude definitively that

Pendolino transferred the information in the shared-network drive to that USB drive (Doc. 6 at 3). But, DAC avers that Pendolino had no legitimate business purpose for accessing all of the files (Doc. 1, ¶ 30). DAC brings this multi-count lawsuit against Pendolino for misappropriation of its trade secrets (Doc. 1).

Relying on the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq*., DAC has filed an *ex parte* application for the seizure of documents, computers and computer storage devices it believes unlawfully contain its trade secrets (Doc. 3). The application is supported by Pratt's declaration (Doc. 5). Exhibit "B" to that declaration is a document listing every folder on DAC's internal network that Pendolino allegedly accessed (Doc. 6 at 2). The list includes the names of DAC's former, current, and potential customers (Id. at 5). DAC alleges that in the hands of its competitors, this information "would be extremely detrimental to DAC's business interests." (Id.). Consequently, DAC seeks leave of Court to file Exhibit "B" under seal or, alternatively, to redact the confidential information contained in Exhibit "B" (Id. at 6).

In this district, motions to seal must satisfy the following requirements: "Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words 'Motion to Seal' and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal." M.D. FLA. Rule 1.09(a). The motion complies with the local rule.

District courts may enter orders that "a trade secret or other confidential research development, or commercial information not be revealed or be revealed only in a designated way." FED. R. CIV. P. 26(c)(1)(G). However, before sealing information the Court must consider the public's qualified common-law right of access to judicial proceedings. See generally Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001). This "common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246. Good cause is established by showing that disclosure will cause "a clearly defined and serious injury." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994); see also Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1178, 1182 n.7 (9th Cir. 2006) (party seeking to seal dispositive motion papers "must 'articulate[] compelling reasons supported by specific factual findings.'" (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) (alterations in original)).

DAC seeks to protect the confidentiality of its customer list. Under Florida law, customer lists are generally considered trade secrets provided: (1) the list was acquired or compiled through the industry of the owner of the list and is not just a compilation of

information commonly available to the public; and (2) the owner shows that it has taken reasonable efforts to maintain the secrecy of the information. E. Colonial Refuse Serv., Inc. v. Velocci, 416 So. 2d 1276, 1278 (Fla. 5th DCA 1982); Sethscot Collection, Inc. v. Drbul, 669 So. 2d 1076, 1078 (Fla. 3d DCA 1996); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lovekamp, No. 4:01CV318SPM, 2001 WL 810749, at *3 (N.D. Fla. July 16, 2001).

DAC represents that it "takes significant steps to protect its customer lists from disclosure, including password protecting its computer systems and requiring that employees generate new complex passwords every ninety (90) days, restricting remote access to DAC's servers absent extraordinary circumstances, and requiring employees to sign confidentiality agreements providing for the non-disclosure of customer lists." (Doc. 6 at 5). But, DAC has not explained the method by which the list was created or otherwise shown that the information is not readily available from a public source. Consequently, DAC has not met its burden to show that the information is a trade secret. Because DAC has not shown that Exhibit "B" contains trade secret information, it has not demonstrated a legitimate privacy interest that requires the protection afforded by an order to seal. Therefore, the motion to seal is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on January 23, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record