UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIGITAL ASSURANCE CERTIFICATION, LLC,

    Plaintiff,

v.                                      Case No:   6:17-cv-72-Orl-41TBS

ALEX PENDOLINO, JR. and LUMESIS, INC.,

    Defendants.

## ORDER

This misappropriation of trade secrets case comes before the Court without a hearing on the parties' Joint Motion to Seal Portions of Certain Motions and Responses Thereto (Doc. 195).

February 18, 2019 is the deadline for the parties to file summary judgment and Daubert motions (Id., ¶ 4). They represent that these motions will necessarily require the disclosure of what has previously been designated as "highly confidential" information (Id., ¶¶ 3-5). The parties' Stipulated Confidentiality Agreement defines "highly confidential" information as:

> *"Highly Confidential"* or *"HIGHLY CONFIDENTIAL"* information is information that the Designating Party in good faith reasonably believes is highly sensitive and would provide others with an unfair competitive or improper advantage, including but not limited to: (i) trade secrets; (ii) technical specifications, drawings, descriptions, processes, and other proprietary technical information; (iii) non-public and/or proprietary financial or strategic business plans, agreements and projections; (iv) non-public and/or proprietary pricing information; and (v) information that is subject to an express obligation of confidentiality owed by the Designating Party to a third-party.

(Doc. 195-1, ¶ 3.b). The parties have agreed to specific limiting conditions on the use and disclosure of "highly confidential information." (Id., ¶ 5).

"The filing of documents under seal is disfavored by the Court." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010). While the parties to a lawsuit "have protectable privacy interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to inspect and copy the information. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, (11th Cir. 1992); Patent Asset Licensing, LLC v. Wideopenwest Fin., LLC, No. 3:15-cv-743-J-32MCR, 2016 WL 2991058, at *1 (M.D. Fla. May 24, 2016). "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist." Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). "A substantive pretrial motion is '[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, [and it] is subject to the public right of access." Id. at 1246 (quotation marks and citation omitted).

"The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a stipulation to seal the record." Estate of Martin Luther

King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). "The right to inspect and copy is not absolute, however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." Chemence Med. Prods., Inc. v. Medline Indus., No. 1:13-CV-500-TWT, 2015 WL 149984, at *1 (N.D. Ga. Jan. 12, 2015).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense …"). "'Good cause' is a well established legal phrase. Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." In re Alexander Grant, 820 F.2d at 356.

The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less

onerous alternative to sealing the documents." Romero, 480 F.3d at 1246 (citation omitted).

The Middle District of Florida has adopted its own rule on the sealing of information:

> (a) Unless filing under seal is authorized by statute, rule, or order, a party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion, the title of which includes the words "Motion to Seal" and which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. FLA. Rule 1.09(a). The parties' joint motion satisfies the requirements of Local Rule 1.09(a).

At least one party maintains that the information proposed to be sealed contains its trade secrets, including client contacts and information, financial information, information related to computer system platform development and programming, and forms and reports it deems confidential, proprietary and/or trade secrets (Doc. 195, ¶ 3). The Court assumes these assertions are made in good faith.

Based upon the parties' representations the Court finds it is highly likely that disclosure to the general public of the information that has been designated "highly confidential" would unreasonably impair the parties' legitimate privacy interests and cause them undue economic harm. The Court also finds that sealing will not compromise the reliability of the information, and that the information does not concern public officials or public concerns. Lastly, the Court finds that there is no alternative to sealing that will adequately protect the parties' legitimate interests in the "highly confidential" information.

Considered together, these findings constitute good cause that outweighs the public's right of access to the information the parties have designated "highly confidential." Accordingly, the motion is **GRANTED**. The parties are authorized to redact from their public filings all information that has been designated "highly confidential" pursuant to the Stipulated Confidentiality Agreement. The parties shall file under seal, the unredacted versions of their papers. The Clerk shall maintain the unredacted papers **UNDER SEAL** for one year from the rendition of this Order or further Court order, whichever occurs first. Any party may seek an extension of the seal on motion made before the seal expires.

**DONE** and **ORDERED** in Orlando, Florida on February 7, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record