UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIGITAL ASSURANCE CERTIFICATION, LLC,

    Plaintiff,

v.                                                 Case No:   6:17-cv-72-Orl-41TBS

ALEX PENDOLINO, JR. and LUMESIS, INC.,

    Defendants.

## PERMANENT INJUNCTION[1]

This case comes before the Court on the parties' Stipulated Motion for Entry of Consent Injunction as to Defendant Alex Pendolino, Jr.–and–Notice of Settlement Contingent Upon Entry of Injunction (Doc. 198).

Plaintiff Digital Assurance Certification, LLC ("DAC") has filed this lawsuit ("Lawsuit") against Defendants Alex Pendolino, Jr. ("Pendolino") and Lumesis, Inc. ("Lumesis") in which it has alleged the following claims: (i) misappropriation of trade secrets in violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 against Pendolino and Lumesis; (ii) misappropriation of trade secrets in violation of the Florida Uniform Trade Secrets Act against Pendolino and Lumesis; (iii) breach of contract against Pendolino; and (iv) tortious interference with business and contractual relationships against Lumesis, and DAC has requested damages and injunctive relief in the Lawsuit, which claims and right to relief Pendolino and Lumesis have denied.

---

[1] The parties have consented to the referral of this case to the magistrate judge for resolution of this motion (Doc. 200). On February 21, 2019, the district judge entered his Order referring the case to the magistrate to conduct all proceedings and enter a final order on the motion in accordance with 28 U.S.C. § 636(c) (Doc. 201).

The parties have represented to the Court that:

(i) DAC on the one hand, and Pendolino and Lumesis, on the other hand, have entered into a Settlement Agreement to resolve any and all controversies and disputes between them existing as of this date without any admission of liability with respect to the claims and demands asserted in the Lawsuit, conditioned upon the entry by the Court of this consent permanent injunction as to Pendolino.

(ii) Pursuant to the Settlement Agreement, DAC has agreed to dismiss its claims for damages and attorneys' fees and costs following the entry by the Court of this consent permanent injunction as to Pendolino in consideration for the terms and conditions set forth in the Settlement Agreement executed by the parties.

(iii) Pursuant to the Settlement Agreement, Pendolino has agreed and consented to entry by the Court of this permanent injunction.

(iv) Pendolino and DAC entered into a Confidentiality Agreement, attached as Exhibit 2 to the Second Amended Verified Complaint (ECF #90-2) and attached hereto as Exhibit A, which defines DAC's "Proprietary Property" as "the Company's methodologies, systems and tools and other confidential or proprietary information of the Company, including client lists, pricing and other confidential business information and/or confidential or proprietary information of its clients" and further provides that the restrictions of the Confidentiality Agreement do not apply to information: in the public domain through no fault or breach of the Confidentiality Agreement by Pendolino; previously and lawfully known by Pendolino prior to disclosure by DAC; and rightfully learned from a third-party not under restriction of disclosure; and Pendolino asserts he does not have possession of DAC Proprietary Property.

The parties agree that a "trade secret" is information that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. See FLA. STAT. § 688.002(4); 18 U.S.C. § 1839(3).

The Court in an Order issued in the Lawsuit on September 9, 2018 (ECF 149) directed DAC to produce to Lumesis and Pendolino all additional documents and information that DAC contended contained DAC trade secrets, and only those documents so produced and designated by DAC would be considered a Trade Secret upon which DAC based its claims. DAC asserts that the documents, electronic information and testimony it has designated in the Lawsuit as "Highly Confidential" or "Highly Confidential-Counsel Only" contain its trade secret information in the Lawsuit (the "DAC Trade Secret Information"), including the documents identified on Exhibit B to the Expert Report of Charles Platt. For purposes of this permanent injunction, the documents, electronic information and testimony designated by DAC in the Lawsuit as "Highly Confidential" or "Highly Confidential-Counsel Only" shall be the "DAC Trade Secret Information." Pendolino has not admitted that the DAC Trade Secret Information constitutes protectable trade secrets under Florida and federal law or that he has possession of DAC Trade Secret Information.

The DAC Trade Secret Information does not include information which: (i) is in the public domain in the same form; (ii) is or was received by Pendolino from an independent source having the right to such information without restriction or obligation of confidence or non-disclosure, and without the information having been solicited, obtained, or assembled by any use of DAC Trade Secret Information; or (iii) is or was independently

developed by Pendolino either prior to his employment at DAC or after his separation by DAC and without the use of any DAC Trade Secret Information.

Pendolino has consented and agreed that this Court enter this injunction permanently enjoining him, and all others in active concert or participation with him who receive actual notice of this permanent injunction, from misappropriating, possessing, retaining, distributing or utilizing any of DAC Trade Secret Information as described or identified herein, or from breaching his continuing obligations under the Confidentiality Agreement, which he agrees, remains in full force and effect.

Now, upon the consent of DAC and Pendolino, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Pendolino and all other persons in active concert or participation with him who receive actual notice of this permanent injunction are hereby permanently enjoined from misappropriating, possessing, retaining, distributing or utilizing, in hard copy or electronic format or otherwise, any DAC Trade Secret Information as described or identified herein to the extent protectable under Florida and Federal law. The restriction in this paragraph on "possession" of DAC Trade Secret Information shall not include any information which is known to or remembered by Pendolino by virtue of his employment with DAC.

(2) Pendolino and all other persons in active concert or participation with him who receive actual notice of this permanent injunction are hereby permanently enjoined from breaching or inducing the breach of the continuing obligations of Pendolino under the Confidentiality Agreement.

(3) Each and every claim for damages, costs, and attorneys' fees by DAC against Pendolino asserted in the Lawsuit, other than this permanent injunction is hereby dismissed without prejudice.

(4) There shall be no appeal herefrom.

(5) Following entry of this permanent injunction, and upon the filing by DAC of the voluntary stipulated dismissal of Lumesis with prejudice (as per Doc. 198), this case shall be closed, except that this Court shall retain jurisdiction for the purpose of enforcing this permanent injunction.

**DONE** and **ORDERED** in Orlando, Florida on February 25, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties